## 10664.

### McKEE v. MADDEN

#### (108 S. E. 82)

TRIAL—INSTRUCTION AS TO PRESUMPTION OF KNOWLEDGE OF CONTENTS OF INSTRUMENT HELD A CHARGE ON THE FACTS.—In action by seller of automobile for claim and delivery, following buyer's default in payment of purchase-money note secured by mortgage, defended on the ground of fraud in the execution of the note and mortgage, instruction as to presumption that person who signs instrument knows what it contains *held* objectionable, as a charge on the facts.

Before MEMMINGER, J., Laurens, November, 1919. Reversed and remanded.

Action by J. W. McKee against Mrs. Dora Madden. From judgment for plaintiff the defendant appeals.

*Messrs. Featherstone & Knight,* for appellant, cite. *Question of fraud in execution of contract should have been submitted to jury under proper instructions*: 78 S. C. 423. *The Judge "shall declare the law"*: 109 S. C. 109.

*Messrs. Blackwell & Sullivan,* for respondent. Oral argument.

June 30, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following preliminary statement appears in the argument of the appellant's attorneys:

"Appellant bought an automobile from respondent and gave a note and mortgage for balance of purchase money. Respondent brought action for claim and delivery, the past-due mortgage being the basis of his claim of title. The appellant answers the complaint, setting up the following defense: (1) Fraud in the execution of the note and mortgage; (2) payment; (3) breach of warranty and failure of consideration; (4) counterclaim for damages by reason of breach of warranty. The action was tried before Judge

Memminger and a jury. The jury found for the plaintiff-respondent in the sum of $243. The defendant appeals from the judgment of the Circuit Court."

His Honor the presiding Judge charged as follows:

"Now, on this matter of a written instrument, gentlemen. Where a person's signature on a written instrument is admitted to be genuine the party is held to be bound by what is contained in that instrument. The charge made that it was procured by fraud has to be established by testimony. A person is presumed to protect themselves to the extent of becoming aware or knowing what an instrument is that they sign in writing. They must take ordinary and reasonable diligence to protect themselves. People can't just walk in and sign a written instrument, and then play the baby act and say they did not know what was in it, that it was not read to them, or whatever it might be. They must satisfy the jury that a fraud has been committed to the extent in which they have been misled; otherwise, they are bound by the contents of it. To let that sort of thing go on without holding it down to a proper case, there would never be a written instrument worth anything. It would be just as well to carry on all transactions by word of mouth. Now the law says that, when a person signs his name to a written instrument, he cannot escape the consequences of it, unless fraud or deception is shown. That is upon the defendant in the case, who sets up that defense. Miss Madden claims that she was deceived and defrauded into signing that instrument with that amount $370 instead of $270."

An exception to the foregoing assigns error, in that it was a charge on the facts. The testimony of the plaintiff, corroborated by her brother and nephew, shows that the error was prejudicial to the rights of the plaintiff. The exception is therefore sustained.

None of the other exceptions, when considered in connection with the entire charge, show prejudicial error.

Reversed and remanded for a new trial.